**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 26, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP1162**

Cir. Ct. No.  2023TP2

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO Y.R.C.Y,
A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

A.M.Y.,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Columbia County: W. ANDREW VOIGT, Judge. *Reversed*.

¶1    TAYLOR, J.[1]  A.M.Y. appeals an order terminating her parental rights to her biological daughter Y.R.C.Y.  She argues that the circuit court erroneously exercised its discretion by granting default judgment against her as to grounds for termination.  I conclude that the court erroneously exercised its discretion by failing to take evidence sufficient to show that grounds for termination existed prior to granting default judgment, and that the State has failed to show that the error was harmless.  Accordingly, I reverse.

## BACKGROUND

¶2    A.M.Y. gave birth to Y.R.C.Y. on August 20, 2021.  Six days later, the child was removed from A.M.Y.'s home and placed in foster care with the child's maternal grandparents.  A CHIPS action was commenced, and in February 2022, the child was adjudicated to be in need of protection and services. The court imposed conditions on the return of the child to A.M.Y.[2]

¶3    In March 2023, the State petitioned to terminate A.M.Y.'s parental rights to the child.[3]  Involuntary termination of parental rights ("TPR") cases follow a "two-part statutory procedure." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856.  "In the first [fact-finding], or 'grounds' phase of the proceeding, the petitioner must prove by clear and convincing evidence that

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] "CHIPS" is a commonly used acronym for "child in need of protection or services." *Eau Claire Cnty. DHS v. S.E.*, 2021 WI 56, ¶1, 397 Wis. 2d 462, 960 N.W.2d 391.  The dispositional order in the CHIPS case was not included in the record for this case.

[3] The State also petitioned to terminate the parental rights of Y.R.C.Y.'s biological father, and his parental rights were ultimately terminated.

one or more of the statutorily enumerated grounds for termination of parental rights exist." *Id.*; WIS. STAT. § 48.31(1). If so, the court then proceeds to the second, or "dispositional" phase, in which it decides whether it is in the best interests of the child that the parent's rights be terminated. *Steven V.*, 271 Wis. 2d 1, ¶27; WIS. STAT. § 48.426(2). The State's petition sought to terminate A.M.Y.'s parental rights on two grounds: that A.M.Y. had failed to meet return conditions and therefore the child was in continuing need of protection or services; and that A.M.Y. had failed to assume parental responsibility. *See* WIS. STAT. § 48.415(2)(a), (6).

¶4 An initial hearing was set for March 28, 2023. Eight days before the hearing, the circuit court received a letter from A.M.Y. seeking a continuance to obtain counsel. In reply, the register of probate sent A.M.Y. a letter directing her to contact the state public defender's office and informing her that she would need to appear in person at the hearing to request a continuance.

¶5 At the initial hearing, A.M.Y. did not appear personally or by counsel. However, she had not yet been formally served with the TPR action. The circuit court granted a continuance to allow the State to serve A.M.Y. A.M.Y. was eventually served by publication on May 11, 2023.

¶6 At the rescheduled initial hearing on May 19, 2023, A.M.Y. again did not appear personally or by counsel. The circuit court noted that, prior to the hearing, A.M.Y. had called the court asking for more time to obtain counsel. The State moved for default judgment based on A.M.Y.'s nonappearance, and the court entered a default judgment against A.M.Y. as to the grounds for termination. The court did not take any evidence or make a finding that grounds for termination existed before granting the default judgment. *See Evelyn C.R. v. Tykila S.*, 2001

WI 110, ¶24, 246 Wis. 2d 1, 629 N.W.2d 768 (prior to granting default as to grounds for termination of parental rights, the court must first take evidence sufficient to show that grounds for termination existed).

¶7　　Three days later, counsel was appointed to represent A.M.Y. Through counsel, A.M.Y. moved to vacate the default judgment. The circuit court denied her motion.

¶8　　On January 30, 2024, the circuit court held a dispositional hearing. At the hearing, the social worker assigned to the case testified as to the statutory best interest factors governing disposition under WIS. STAT. § 48.426(3), and the parties presented arguments as to whether termination was in the best interests of the child. At the conclusion of the hearing, the court granted the petition to terminate A.M.Y.'s parental rights. The court did not address the issue of grounds for termination in its oral ruling. In its written order terminating A.M.Y.'s parental rights after the dispositional hearing, however, the court checked boxes indicating that grounds existed for the TPR. A.M.Y. appeals.

## DISCUSSION

¶9　　A.M.Y. argues, among other things, that the circuit court erroneously exercised its discretion by granting default judgment against her at the grounds phase without first taking evidence sufficient to show that grounds for

4

termination existed.[4]  For the reasons explained below, I agree, and I conclude that this error requires reversal because the State has not shown that the error was harmless.

¶10    "A judicial proceeding terminating parental rights implicates a parent's fundamental rights," which include "the parent's interest in the companionship, care, custody, and management of his or her child." *T.M.F. v. Children's Serv. Soc'y of Wis.*, 112 Wis. 2d 180, 184, 332 N.W.2d 293 (1983). During the grounds phase of a TPR proceeding, "the parent's rights are paramount." *Evelyn C.R.*, 246 Wis. 2d 1, ¶22. "To protect these rights from erroneous termination," the petitioner must prove that grounds for the termination of parental rights exist by "*clear and convincing evidence*." *Id.*, *see also* WIS. STAT. § 48.31(1).  This requirement derives both from § 48.31(1) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[5] *Evelyn C.R.*, 246 Wis. 2d 1, ¶¶21-22.

---

[4] A.M.Y. also argues that the circuit court's grant of default was an erroneous exercise of discretion under WIS. STAT. § 805.03, which permits the court to sanction a party's failure to obey a court order by "mak[ing] such orders in regard to the failure as are just."  In response, the State contends that the court's grant of default was proper under WIS. STAT. § 806.02, which, among other things, permits a court to grant default judgment "if no issue of law or fact has been joined on any claim asserted in a complaint, counterclaim, or cross claim and if the time for joining issue has expired." Sec. 806.02(1).  Because I reverse on other grounds, I do not consider whether the court had authority to grant the default under either statute. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

[5] In pertinent part, WIS. STAT. § 48.31(1) states that a "'fact-finding hearing' means a hearing to determine if the allegations in a petition … to terminate parental rights are proved by clear and convincing evidence."  The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

¶11     Default judgment as to the grounds for termination is available in TPR proceedings.  *See Steven V.*, 271 Wis. 2d 1, ¶32 (the rules of civil procedure generally apply in TPR proceedings, including rules permitting default judgment).  "The decision whether to enter a default judgment is a matter within the sound discretion of the circuit court."  *Evelyn C.R.*, 246 Wis. 2d 1, ¶18.   However, before granting default judgment as to grounds, a court has a "duty under the Fourteenth Amendment and [WIS. STAT. ch.] 48 … to support a finding by clear and convincing evidence" that grounds for termination exist.  *Id.*, ¶26.  A court erroneously exercises its discretion if it fails to do so.  *Id.*, ¶19.

¶12     Here, the State does not respond to A.M.Y.'s argument that the circuit court erred by granting default judgment against her without first taking evidence sufficient to show that grounds for termination existed.  I take this lack of response by the State as a concession that the court erred.  *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (An appellant's failure to respond in its reply brief to argument made in a response brief may be taken as concession.).   Y.R.C.Y's guardian ad litem ("GAL") submitted a brief in this appeal arguing against reversal, and the GAL expressly concedes this issue.[6]   I therefore assume without deciding that the court erroneously exercised its discretion by failing to take evidence sufficient to support a finding that grounds for termination existed prior to its grant of the default judgment under *Evelyn C.R.*  However, such an error does not necessarily

---

[6] *See* WIS. STAT. § 767.407(1), (4) (in this context, a GAL is an attorney appointed by the circuit court to represent a minor child and to advocate for the child's best interests).

require reversal, and may be harmless.[7]  *See Evelyn C.R.*, 246 Wis. 2d 1, ¶¶27-32 (applying a harmless error analysis).

¶13    An error requires reversal only if it affects the "substantial rights of the party."  WIS. STAT. § 805.18(2).  An error affects a party's substantial rights if there is "a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue."  *Evelyn C.R.*, 246 Wis. 2d 1, ¶28.  "If the error at issue is not sufficient to undermine the reviewing court's confidence in the outcome of the proceeding, the error is harmless."  *Id.*  The beneficiary of the error bears the burden to show that the error was harmless.  *See State v. Denton*, 2009 WI App 78, ¶24, 319 Wis. 2d 718, 768 N.W.2d 250.

¶14    In *Evelyn C.R.*, the circuit court entered a default judgment at the grounds phase of a TPR proceeding without first taking evidence sufficient to support such a finding.  *Evelyn C.R.*, 246 Wis. 2d 1, ¶¶24-26.  Although our supreme court determined that this was an erroneous exercise of discretion, it nonetheless affirmed the termination of parental rights because the record provided a factual basis to support the court's finding of grounds for termination. *Id.*, ¶32.  Our supreme court noted that the circuit court did not enter its order terminating parental rights until after taking testimony which contained sufficient facts to support a finding that grounds for termination existed, and that the circuit court expressly reaffirmed its finding that there were grounds for termination after taking this testimony.  *Id.*, ¶¶33-34.  Accordingly, under the circumstances, the

---

[7] Certain errors are "structural" and are not subject to a harmless error review.  *See State v. C.L.K.*, 2019 WI 14, ¶12, 385 Wis. 2d 418, 922 N.W.2d 807.  A structural error "either affects the entire proceeding, or affects it in an unquantifiable way." *Id.*, ¶15.  A.M.Y. does not dispute that a harmless error analysis applies to the error at issue here, and so I address this issue no further.

error did not undermine "confidence in the outcome of the … proceeding" and was harmless. *Id.*, ¶35.

¶15    Here, the State identifies certain testimony by the social worker at the dispositional hearing and asserts that this testimony satisfies the ground of failure to assume parental responsibility; however, the State does not appear to make any express argument as to how the social worker's testimony renders the circuit court's error harmless. Instead, the State appears to instruct this court to search the record to make its argument pursuant to *Evelyn C.R.* The State does not adequately develop an argument as to why the court's error was harmless. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (this court need not address undeveloped arguments); *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (this court "will not abandon [its] neutrality to develop arguments" for a party).

¶16    Even addressing the harmless error argument that the State may intend to make, this argument is unpersuasive. The ground of failure to assume parental responsibility requires the petitioner to prove that the parent has "not had a substantial parental relationship with the child." WIS. STAT. § 48.415(6)(a).

> "[S]ubstantial parental relationship" means the acceptance and exercise of significant responsibility for the daily supervision, education, protection and care of the child. In evaluating whether the person has had a substantial parental relationship with the child, the court may consider such factors, including, but not limited to, whether the person has expressed concern for or interest in the support, care or well-being of the child, whether the person has neglected or refused to provide care or support for the child and whether, with respect to a person who is or may be the father of the child, the person has expressed concern for or interest in the support, care or well-being of the mother during her pregnancy.

8

Sec. 48.415(6)(b). This statutory language requires the fact finder to "look to the totality-of-the-circumstances to determine if a parent has assumed parental responsibility," considering "the circumstances that have occurred over the entirety of the child's life" within the relevant time period. *Tammy W-G. v. Jacob T.*, 2011 WI 30, ¶22, 333 Wis. 2d 273, 797 N.W.2d 854.

¶17 The only facts identified by the State in its briefing on appeal to support the failure to assume parental responsibility ground are that Y.R.C.Y. was removed from A.M.Y.'s care when Y.R.C.Y. was six days old, and that Y.R.C.Y. refers to her foster parent as "mommy" and looks to her for comfort.[8] It is not apparent how these facts would constitute clear and convincing evidence of failure to assume parental responsibility under the required totality of the circumstances analysis. Moreover, as noted above, the circuit court in *Evelyn C.R.* expressly reaffirmed its finding that grounds for termination existed in light of the evidence presented at the dispositional hearing, and our supreme court considered this additional procedural step to be significant in determining that the error was harmless. *Evelyn C.R.*, 246 Wis. 2d 1, ¶¶33-34. Here, the court did not reconsider at the dispositional hearing whether grounds for termination existed. In fact, it does not appear that the court ever meaningfully considered the issue of grounds for termination throughout the course of this proceeding—the only time it addressed that issue was when it checked boxes indicating that grounds existed in its written order terminating A.M.Y.'s parental rights.[9]

---

[8] The State also notes that the social worker testified that Y.R.C.Y. did not have a substantial relationship with A.M.Y.; however, this is a mere conclusory statement.

[9] The circuit court's written order terminating A.M.Y.'s parental rights contains several concerning errors. In addition to checking two boxes corresponding to the two grounds alleged in the petition (that the child was in continuing need of protection and services and that A.M.Y.

(continued)

¶18   In the absence of any argument from the State as to why the circuit court's error was harmless under the analysis set forth in *Evelyn C.R.*, or under any other authority, I cannot say that the State has shown that there was not a "reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." *Id.*, ¶28.

¶19   The GAL, unlike the State, expressly makes a harmless error argument; however, this argument is cursory and cites no specific facts. The GAL contends that the circuit court's failure to take sufficient evidence prior to granting default was harmless because "the social worker testified at length to the facts needed to support the allegations in the petition" at the dispositional hearing. However, the GAL cites no specific testimony by the social worker, and does not explain how any such testimony would support any grounds for termination. I decline to address the GAL's undeveloped argument. *See Pettit*, 171 Wis. 2d at 646.

¶20   Accordingly, because I assume without deciding that the circuit court erroneously exercised its discretion in failing to make findings as to grounds for termination prior to issuing a default judgment, and neither the State nor the GAL have shown that the court's error was harmless, I reverse.

---

failed to assume parental responsibility), the court also checked a box on the order indicating that a ground for termination not alleged in the petition, abandonment, existed. The court also checked a box indicating that A.M.Y. was "found in default" and "[a]n evidentiary hearing was conducted establishing grounds for termination of parental rights," but no such hearing was ever held.

## CONCLUSION

¶21 For all of these reasons, I reverse the circuit court's order terminating A.M.Y.'s parental rights to Y.R.C.Y.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.